UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:21-cv-00790-JPH-TAB<br>) |
| GEORGE S. BLANKENBAKER, STARGROWER COMMERCIAL BRIDGE LOAN FUND 1 LLC, STARGROWER ASSET MANAGEMENT LLC, BLANKENBAKER INVESTMENTS FUND 17 LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

The U.S. Securities and Exchange Commission ("SEC") has filed two Motions for Entry of Judgment by Consent under Federal Rule of Civil Procedure 54(b), one for Defendant George Blankenbaker, dkt. 12; dkt. 12-1, and another motion for the three companies in his control—Defendants Stargrower Commercial Bridge Loan Fund 1 LLC, Stargrower Asset Management LLC, and Blankenbaker Investments Fund 17 LLC (collectively, "Entity Defendants"), dkt. 11; dkt. 11-1.

The Court may enter the SEC's Motion for Entry of Judgment by Consent as to the Entity Defendants, dkt. 11; dkt. 11-1, if "there is no just reason for delay" under Rule 54(b) and the consent decree otherwise complies with the prerequisites for judgment, *see Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986); *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). However, the Court may not enter judgment as to Mr. Blankenbaker

1

under Rule 54(b) because the proposed Consent Judgment requires the Court to determine the amount of disgorgement, prejudgment interest, and civil monetary penalties "at a later date."  *See* dkt. 12 at 2 ¶ 4; dkt. 12-1; *cf.* dkt. 11 at 2 ¶ 3 (requiring Entity Defendants to pay, jointly and severally, disgorgement of $4,924,275 and prejudgment interest of $272,366).

Rule 54(b) "makes clear that a district judge may enter an appealable judgment only if it disposes of a 'claim for relief' that is 'separate' from the claims not disposed of."  *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 701 (7th Cir. 1984).  Here, the SEC's Motion for Judgment by Consent with Mr. Blankenbaker would resolve a single claim through multiple remedies (permanent injunctive relief,[1] disgorgement, prejudgment interest, and civil monetary penalties).  Because some of the proposed remedies have not yet been determined, judgment cannot yet be entered as to Mr. Blankenbaker.  *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 (1976); *Jack Walters & Sons Corp.*, 737 F.2d at 701.[2]

The parties have until **May 14, 2021** to file a supplement to Docket 12 addressing the Court's concern regarding Rule 54(b) or to file an amended motion.

**SO ORDERED.**

Date: 5/5/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] The parties have not moved for preliminary injunctive relief.  *See* dkt. 12; dkt. 12-1.

[2] The parties' citation to *SEC v. Williky*, 942 F.3d 389 (7th Cir. 2019), dkt. 12 at 2 ¶ 4, does not change this conclusion.  In that case, the Seventh Circuit affirmed a district court's calculation of civil penalties imposed after the parties had entered a bifurcated settlement agreement.  *See Williky*, 942 F.3d at 391.  However, the district court entered judgment only after all remedies had been finally decided.  *See SEC v. Williky*, Case No. 1:15-cv-357 (S.D. Ind. Aug. 3, 2018), dkt. 62; dkt. 63.

2

Distribution:

Benjamin J. Hanauer
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
hanauerb@sec.gov

Steven Lee Klawans
US SECURITIES & EXCHANGE COMMISSION
klawanss@sec.gov

Robert M. Moye
U.S. SECURITIES AND EXCHANGE COMMISSION
moyer@sec.gov

James Gerald O'Keefe
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
okeefej@sec.gov

Mark D. Stuaan
BARNES & THORNBURG, LLP (Indianapolis)
mstuaan@btlaw.com